**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

MARY ROSEMOND,

       Petitioner,  :  Case No. 1:10-cv-254

       -vs-  :  District Judge Sandra S. Beckwith
            Magistrate Judge Michael R. Merz

WARDEN, Ohio Reformatory for Women,

       Respondent.  :

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

       This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 19) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 18), recommending that the Petition be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

       The single ground for relief in the Petition was pled as follows:

> **Ground One:**
>
> Appellate counsel for Ms. Rosemond rendered ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments, *Evitts v. Lucey,* 469 U.S. 387 (1985), and *Strickland v. Washington*, 466 U.S. 668 (1984), when he failed to raise on appeal a meritorious *Batson* issue.

(Petition, Doc. No. 1, PageID 5.) Petitioner agrees that the determinative legal question for this Court, as stated in the Report, is "whether the *Batson* claim was so strong on the merits that the court

of appeals decision that failure to raise it was not ineffective assistance of appellate counsel is an objectively unreasonable application of *Strickland*." (Objections, Doc. No. 19, PageID 544, quoting Report, Doc. 18, PageID 534.)

The Sixth Circuit has very recently confirmed the process for handling a Batson objection:

> "Analysis of a claim of discrimination in the prosecutor's exercise of peremptory challenges in juror selection follows the three-part framework established in *Batson*: (1) the defendant must make a prima facie showing of discrimination; (2) the burden then shifts to the prosecution to provide a race-neutral explanation for the challenge; and (3) the defendant then has the opportunity to rebut the proffered race-neutral reason as pretext, and the trial court determines whether the defendant has established purposeful discrimination. 476 U.S. at 93-98; *accord Braxton [v. Gansheimer]*, 561 F.3d [453] at 458-59 [(6th Cir. 2009). The defendant "always bears the ultimate burden of persuasion." *Braxton*, 561 F.3d at 459.

*Akins v. Easterling,* ___ F.3d ___, 2011 U.S. App. LEXIS 16126 *9 (6th Cir. Aug. 5, 2011).

The Report describes in some detail the peremptory challenge process which occurred at trial, including the fact that each of Defendant's *Batson* challenges was heard in a sidebar conference and none of them were recorded. After the jury had been selected, the sidebar conferences were summarized on the record so that Ms. Rosemond could hear generally what had been said.

Petitioner's objection is that the Report goes beyond deferring to the state court rulings in this case, as required by AEDPA, "but instead relies, at least in part, on unwarranted speculation to excuse appellate counsel's failure to assign as error the discriminatory peremptory strikes used by the prosecution ... ." *Id.* at PageID 545-546. The alleged "unwarranted speculation" is as to what was said during the sidebar conferences. *Id.* at PageID 548.

To the contrary, no such speculation is made in the Report. In particular, the Report does not speculate that the prosecutor might have given some additional, race-neutral, explanation of his

excuse of Mr. Anthony during the sidebar on excusing Mr. Anthony. Rather, the Report discusses the distinction between Mr. Anthony and Mr. York which the prosecutor evidently made off the record at the sidebar and then repeated on the record during the post-voir dire summary proceeding: while both Anthony and York were pastors, part of Mr. Anthony's job was to work with people accused of crimes in an effort to rehabilitate them. In contrast, Mr. York had occasionally been called to the jail to meet with prisoners. The distinction is thin, but clearly race-neutral.

From whatever he heard at sidebar, Judge Kubicki reached the ultimate factual conclusion that the prosecutor did not act in a racially discriminatory manner in excusing Mr. Anthony. On appeal Ms. Rosemond would have had to show that that finding was clearly erroneous and she would have had to do so without the content of the sidebars – that is the relevance of the lack of a record of the sidebar conferences, not some speculation about what might have been said.

One piece of evidence which would have supported a finding that the excuse of Mr. Anthony was discriminatory would have been a pattern of excusing African-Americans. But that pattern did not exist until after the prosecutor had excused two more African-Americans. While Judge Kubicki knew that fact as of the time of the summary proceeding, Ms. Rosemond's counsel did not renew his objection and ask that the whole panel be excused. The Objections claim that "[n]o fairminded jurist could conclude that the prosecution's dismissal of prospective juror Anthony was due to anything other than the fact that Mr. Anthony was African-American." (Objections, Doc. No. 19, PageID 546.) If the Court is to accept that conclusion, it must do so without considering the subsequent excuses of other African-Americans, because those had not yet happened when Judge

Kubicki found no *Batson* violation as to the Anthony excuse.[1] The Objections argue that "the trial judge had an opportunity, *after* the prosecution's racial pattern of peremptory strikes had become apparent, to re-evaluate ..." (Objections, Doc. No. 19, PageID 547). However, had he done so, Judge Kubicki would have been acting *sua sponte*; there was no motion to strike the panel or for a mistrial. *Compare Akins v. Easterling*, *supra*, slip opinion at 5, where a motion for mistrial on *Batson* grounds was made after the panel was seated.

The ultimate question on a *Batson* challenge is whether the prosecutor's stated race-neutral reason is credible; when a trial judge rejects a *Batson* challenge, he or she has made a credibility determination. "For a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." *Otte v. Houk*, ___ F.3d ___, 2011 U.S. App. LEXIS 16609 *16 (6th Cir. Aug. 12, 2011), *quoting Larry v. Branker*, 552 F.3d 356, 370 (4th Cir. 2009).

To have prevailed on direct appeal, Petitioner would have had to persuade the court of appeals that the trial judge's finding was clearly erroneous. On the facts of this case, that would not have been a likely outcome and therefore the court of appeals conclusion that it was not ineffective assistance of appellate counsel to fail to raise the Batson claim is not an objectively unreasonable application of Strickland. It is therefore again respectfully recommended that the Petition be dismissed with prejudice.

August 22, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

---

[1] The Report found the prosecutor's reasons for excusing the other two African-Americans who were peremptorily removed to be more plausibly race-neutral than his reasons as to Mr. Anthony. The Objections do not argue with that conclusion.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).