```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

Mary Rosemond,                    :    Case No. 1:10-cv-254
                                  :
    Petitioner,               :
                                  :
vs.                               :
                                  :
Warden, Ohio Reformatory for      :
Women,                            :
                                  :
    Respondent.               :

**ORDER**

Before the Court are Petitioner's objections to the Report and Recommendation of the Magistrate Judge.  (Doc. 19)  The Magistrate Judge recommends that this Court deny the petition for a writ of habeas corpus, and grant Petitioner a certificate of appealability.  (Doc. 18)  For the following reasons, the Court agrees with the Magistrate Judge's recommendations.

**FACTUAL BACKGROUND**

Petitioner Mary Rosemond was indicted by the Hamilton County, Ohio grand jury on charges of aggravated murder and aggravated robbery, with firearm specifications.  The charges stemmed from the robbery and shooting of a taxicab driver in whose vehicle Rosemond and two companions were riding.

During voir dire prior to the start of Rosemond's trial, the prosecutor exercised three peremptory challenges to remove three African-American prospective jurors.  Rosemond's trial counsel

challenged these peremptory strikes under Batson.[1] The trial court heard the parties' arguments on each challenge at sidebar conferences "off the record." (See Doc. 9, TR at 189 (PAGEID 411), 204 (PAGEID 426), and 220 (PAGEID 442).) No transcripts or recordings of the sidebar conferences are apparently available, as none have been included in the record. However, after the jury was selected, sworn and dismissed for the day, the trial court summarized on the record what had transpired during the sidebar conferences.

The prosecutor's first peremptory challenge was to Juror No. 9. The prosecutor summarized his reasons for excusing Juror No. 9 by stating: "... he not only was a pastor but also had worked with people charged with crimes in an effort to try to rehabilitate them." (TR at 263) Rosemond's counsel responded by reminding the court that the prosecutor exercised all three peremptory challenges to remove three African-American jurors. A Caucasian juror, No. 8, was also a pastor and was not challenged. This juror answered the prosecutor's questions in similar fashion to Juror No. 9, agreeing with the prosecutor that he could be completely impartial. The trial court responded to this argument by stating that when the state exercised its first peremptory, the court had "no way of knowing whether [Juror No. 8] would be challenged or not at that time." (TR at 264)

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

The state's second peremptory was for Juror No. 10. The prosecutor stated that the juror's stepfather suffered from PTSD, a condition that Rosemond also had and which she intended to raise during her trial. Juror No. 10 had a background in psychology, and a prior criminal conviction. The prosecutor noted that two African-Americans had been seated as jurors, and that Rosemond had dismissed two African-Americans and two Caucasians, all of whom said they could be fair and impartial. Rosemond's counsel responded by simply noting his exceptions to the peremptory challenges. (TR at 266-267)

The third juror peremptorily challenged by the prosecution was Juror No. 17. The prosecutor stated that this juror was also a pastor who "in his professional employment or affiliation with the church has been employed in a position to help to try to rehabilitate people." (TR at 268) When initially seated in the jury box, the juror had not been able to quickly recall why he had raised his hand in response to an earlier question posed to the broader panel. The prosecutor expressed concern about this juror's ability to recall the evidence and testimony if the trial extended beyond one week. The trial court then confirmed that these statements accurately reflected the sidebar discussions, and Rosemond's counsel renewed his previously stated objections. The trial proceeded, and the jury found Rosemond guilty of a lesser murder charge and of aggravated burglary. She was

sentenced to an aggregate term of 28 years to life.

With new appellate counsel, Rosemond appealed her conviction and raised two assignments of error relating to evidentiary rulings made during trial.  No assignment of error was raised concerning the <u>Batson</u> challenges.  The Ohio Court of Appeals affirmed her conviction and sentence, and the Ohio Supreme Court denied review for want of a substantial constitutional question.

On February 28, 2008, Rosemond filed a motion to reopen her appeal under Ohio Rule 26(B), seeking to raise ineffective assistance of appellate counsel on three claimed errors: failing to appeal the <u>Batson</u> ruling; failing to raise a <u>Blakely</u> challenge to her maximum consecutive sentence; and failing to raise trial counsel's failure to object to the <u>Blakely</u> error.  (Doc. 9, Exhibit 19)  On January 13, 2009, the Hamilton County Court of Appeals denied her application to reopen.  With regard to the <u>Batson</u> issue, the court held:

> Implicit in the trial court's rejection of
> Rosemond's objections was its determination
> that Rosemond had failed to prove purposeful
> discrimination by the prosecution in the
> exercise of its challenges.  Based upon the
> record of the proceedings below, we cannot
> say that this determination was clearly
> erroneous.  Therefore, we cannot say that
> Rosemond's appellate counsel was ineffective
> in failing to present this claim in her
> direct appeal.

(Doc. 9, Exhibit 20)  Rosemond unsuccessfully sought review of that decision by the Ohio Supreme Court, and then filed her

habeas petition in this Court, raising one ground for relief: "Appellate counsel for Ms. Rosemond rendered ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments, *Evitts v. Lucey*, 469 U.S. 387 (1985), and *Strickland v. Washington*, 466 U.S. 668 (1984), when he failed to raise on appeal a meritorious *Batson* issue."

## ANALYSIS

A federal court may issue a writ of habeas corpus to correct an error in a state proceeding that resulted in petitioner's confinement, if that proceeding was rendered fundamentally unfair by a violation of the Constitution or laws of the United States. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994); 28 U.S.C. §2254(a).

To establish ineffective assistance of counsel, Rosemond must show that her attorney's performance was deficient, and that deficiency caused her prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Scrutiny of counsel's performance is highly deferential. Id. at 689-90. The Strickland analysis applies to claims of ineffective assistance of appellate counsel. In that context, deference is accorded to counsel's decision about which trial errors will be raised on appeal. As the Magistrate Judge notes, to prevail on this claim, Rosemond "must show that appellate counsel ignored issues [which] are clearly stronger than those presented." Webb v. Mitchell, 586 F.3d 383,

399 (6th Cir. 2009). To demonstrate prejudice, Rosemond must show a reasonable probability that an appeal of the trial court's denial of her Batson challenge would have changed the result. "A reasonable probability is a probability sufficient to undermine confidence in the outcome. ... The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." Strickland, 466 U.S. at 698.

    Batson sets forth a three-part framework for analyzing a defendant's objection to a prosecutor's discriminatory exercise of a peremptory challenge. Rosemond must first establish a prima facie showing of discrimination. The burden then shifts to the prosecution to articulate a race-neutral basis for the peremptory challenge, and provide a facially valid explanation based on something other than race. Facial validity does not require the state to give an explanation that is "persuasive, or even plausible." Purkett v. Elem, 514 U.S. 765, 768 (1995). The defendant must then establish that the explanation given is a pretext for purposeful discrimination.

    The trial court's ultimate finding that the peremptory challenge was race-neutral must be upheld on appeal unless it is clearly erroneous. Hernandez v. New York, 500 U.S. 352, 366 (1991). As the Sixth Circuit recently held, "[t]he question of discriminatory intent turns largely on an evaluation of

-6-

credibility and therefore the trial court's determination is entitled to great deference." Akins v. Easterling, 648 F.3d 380, 392 (6th Cir. 2011) (internal citations and quotations omitted).

Rosemond argues here, as she did in her Rule 26(B) application to reopen her appeal, that the prosecutor's articulated reasons for excusing Juror No. 9 and not Juror No. 8 demonstrated pretext for racial discrimination. Juror No. 8 was a pastor of a local church. The prosecutor asked him if he had ever been called on to come to jail to give spiritual guidance to prisoners; the juror responded that he had done that, but not "a lot." The prosecutor asked if he understood the difference between being a pastor and being a juror, stating that as a pastor, "sometimes you have to find the good in a person that maybe a guy like me might not see too much good in. You understand that? Is that pretty accurate about what you do?" (TR at 149) The juror responded "yes," and the prosecutor went on: "Sometimes people that are engaged in your profession, they sometimes have reservations about being asked to pass judgment on other people. Do you feel that way?" The juror responded "No." (TR at 150)

The prosecutor then addressed Juror No. 9, who was an assistant instructor in the Cincinnati public schools. When asked what he did there, the juror responded "Help children." The prosecutor asked him, "So you're kind of like he [Juror No.

-7-

8] is a little bit?"  Juror No. 9 responded "A whole lot.  I am also a pastor in a Baptist church."  The prosecutor stated:

> I'm going to ask you the same question I asked [Juror No. 8].  Sometimes being a pastor or being a guide, and an instructor's assistant, you're trying to salvage somebody with the good that is hopefully inside this person, right? ... You understand that this job is a little different.  You're not here to feel sorry for anybody.  You're not here to allow your bias or your sympathy to affect your judgment.  You've got to be the same kind of juror if you were seated there or seated there and that would be a person that could follow the law and that would be a person that could sign a guilty verdict if the State prove it.  Could you do that?

Juror No. 9 responded affirmatively.  The prosecutor clarified the juror's education, because a list he had been given indicated the juror had not graduated from college, which the prosecutor correctly believed was a mistake.  (TR at 151-152)

The prosecutor's third peremptory was directed at Juror No. 17, who had retired in 1997 from the YMCA after 32 years with that agency.  The juror stated that he did not personally engage in counseling when he worked at the YMCA.  He was not a pastor or a minister, but he attended "sessions at his church."  (TR at 213)

As noted above, the Court's review of Rosemond's petition is hampered by the lack of a complete transcript of the three <u>Batson</u> challenges.  All that is before the Court is the summary of what was actually said during the three sidebar conferences.

Rosemond's trial counsel did not object to the trial court's summary, or note any disagreement with the reasons articulated in summary fashion by the trial court and the prosecutor, and the Court presumes the summary is correct.  Juror No. 9 was excused not only because he was a pastor, but because he had worked with offenders in rehabilitation efforts.  Juror No. 8 had only occasionally visited prisoners to offer "spiritual guidance."  (TR at 149)

And with regard to Juror No. 17, he was not a counselor but had worked for 32 years at the YMCA, an agency well known for its rehabilitation and community efforts.  The juror's church affiliation also provided such opportunities to him.  And the prosecutor noted a concern about Juror No. 17's memory and his ability to recall the evidence.  The trial court summed up its Batson rulings by stating that the prosecutor "had indicated a reasonable reason under the circumstances and the law under Batson, that the Court found that [he] was entitled to exercise a peremptory challenge."  (TR at 269)

Rosemond's counsel did not move to strike the entire jury. The record lacks any evidence concerning any historical pattern or practice of the county prosecutor in impermissibly exercising peremptory challenges.  There is no information about the racial composition of the entire jury pool.  Moreover, the trial court is uniquely suited to evaluate the credibility and demeanor of a

prosecutor, both in questioning prospective jurors and in stating race-neutral reasons for the peremptory challenges. The Supreme Court recognized this fact in Hernandez v. New York, 500 U.S. 352 (1991):

> In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province.

Id. at 365 (internal citations and quotations omitted). After reviewing the available trial record, the Ohio Court of Appeals concluded that the trial court's Batson rulings were not clearly erroneous, and that her appellate counsel was therefore not ineffective in failing to raise the issue in her direct appeal.

This Court's task in considering Rosemond's petition is not to determine if this Court might have decided otherwise. Pursuant to 28 U.S.C. §2254, Rosemond must demonstrate that the state court's decision is contrary to clearly established federal law, or that the state court unreasonably determined the facts in light of the evidence presented in the state proceeding. In Akins v. Easterling, 648 F.3d 380 (6th Cir. 2011), the Sixth Circuit reviewed a Batson claim raised in a Section 2254 habeas petition. In that case, the trial court stated on the record to

-10-

the prosecutor while considering the defendant's Batson challenge:  "To be perfectly honest, this is not the only case where you've excused the only black juror.  It's more often that you do that than not."  Id. at 386.  The trial court also rejected one of the prosecutor's proffered race-neutral reasons for striking that juror.  But after the trial court again questioned the challenged juror, it overruled defendant's Batson challenge, a ruling that was affirmed on direct appeal.  In affirming the district court's denial of habeas relief, the Sixth Circuit noted that the defendant had presented "compelling evidence of discriminatory intent" in the trial court's comments, and in the prosecutor's unequal treatment of two jurors.  Id. at 393.  Nevertheless, the Sixth Circuit found that it could not conclude that the state court's decision and determination of the facts was objectively unreasonable.

Here, after careful consideration of the record, this Court cannot conclude that Rosemond's evidence is "too powerful to conclude anything but discrimination," or that the prosecutor's reasons were "so far at odds with the evidence that pretext is the fair conclusion."  Akins, 648 F.3d at 393, quoting Miller-El v. Dretke, 545 U.S. 231, 265 (2005).  This Court therefore cannot conclude that the Ohio court's decision on this question was objectively unreasonable.  The Court agrees with the Magistrate Judge's recommendation that Rosemond's petition be denied.

-11-

**CONCLUSION**

As required by 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such review, the Court finds that Rosemond's objections to the Magistrate Judge's original and his supplemental report are not well taken, and are therefore overruled. The Court denies the petition for a writ of habeas corpus.

The Court finds that a certificate of appealability should issue with respect to the petition, because reasonable jurists would find it debatable whether the claim raised should be resolved in a different fashion, and whether the issue Rosemond presents is adequate for further proceedings. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would be taken in good faith, and grants Rosemond leave to appeal in forma pauperis upon a showing of financial necessity. See Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: November 14, 2011          s/Sandra S. Beckwith
                                  Sandra S. Beckwith
                                  Senior United States District Judge